**Robert W. KELLEY et al., Plaintiffs,**

v.

**BOARD OF EDUCATION OF THE CITY OF NASHVILLE, Davidson County, Tennessee, et al., Defendants.**

Civ. A. No. 2094.

United States District Court
M. D. Tennessee, Nashville Division.

March 28, 1956.

Z. Alexander Looby, and Avon N. Williams, Jr., Nashville, Tenn., for plaintiffs.

Reber Boult, and Edwin F. Hunt, Nashville, Tenn., for defendants.

Before MARTIN, Circuit Judge, DAVIES, Chief Judge, and MILLER, District Judge.

PER CURIAM.

The above three-judge District Court, having been duly assembled in compliance with the complaint filed in this cause, has this day heard and considered arguments in open court on the motion of attorneys for the defendants for a dissolution of this three-judge court and for a remand of the cause to a single district judge for trial, upon the grounds that Section 2281 of Title 28, United States Code, is not applicable and that, accordingly, a three-judge court does not have jurisdiction.

The same position taken by defendants in the foregoing motion was also taken by defendants in the answer filed in the cause, and also in open court on argument of the motion. Therefore, it is obvious that no necessity for the hearing of the cause by a three-judge District Court exists, since the unenforcibility of the Constitution and Statutes of Tennessee has been conceded by defendants. The motion to dissolve the three-judge District Court is, therefore, granted, and the case is remanded to be heard by a District Judge.

This Court has also considered the second ground of the motion of defendants argued today that the case should be continued to afford the Board of Education of the City of Nashville an opportunity to formulate a plan in compliance with the principles announced by the Supreme Court in Brown v. Board of Education, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873.

In the second opinion in Brown v. Board of Education, 349 U.S. 294, 299, 300, 301, 75 S.Ct. 753, 756, 99 L.Ed. 1083, the Supreme Court said:

"Full implementation of these constitutional principles may require solution of varied local school problems. School authorities have the primary responsibility for elucidat-

ing, assessing, and solving these problems; courts will have to consider whether the action of school authorities constitutes good faith implementation of the governing constitutional principles. * * *

" * * * Courts of equity may properly take into account the public interest in the elimination of such obstacles in a systematic and effective manner. But it should go without saying that the vitality of these constitutional principles cannot be allowed to yield simply because of disagreement with them.

"While giving weight to these public and private considerations, the courts will require that the defendants make a prompt and reasonable start toward full compliance with our May 17, 1954, ruling. Once such a start has been made, the courts may find that additional time is necessary to carry out the ruling in an effective manner. The burden rests upon the defendants to establish that such time is necessary in the public interest and is consistent with good faith compliance at the earliest practicable date. To that end, the courts may consider problems related to administration, arising from the physical condition of the school plant, the school transportation system, personnel, revision of school districts and attendance areas into compact units to achieve a system of determining admission to the public schools on a nonracial basis, and revision of local laws and regulations which may be necessary in solving the foregoing problems. They will also consider the adequacy of any plans the defendants may propose to meet these problems and to effectuate a transition to a racially nondiscriminatory school system. During this period of transition, the courts will retain jurisdiction of these cases."

It further appearing to the Court that the Board of Education of the City of Nashville announced at an early date that it would comply with the ruling of the Supreme Court in integrating the public schools of Nashville and has proceeded promptly to take steps toward that end, and is now acting in good faith and with appropriate dispatch in awaiting the taking of the school census and giving careful consideration to all factors involved, so as to arrive at a workable plan of integration, which appears to be a reasonable start toward full compliance with the May 17, 1954, ruling of the Supreme Court, it is, therefore, ordered that the application for a continuance is granted, and the cause is continued until the next term of court.