BAILEY ET AL. *v.* PATTERSON ET AL.

No. 643.  Decided February 26, 1962.

*Constance Baker Motley, Jack Greenberg, James M. Nabrit III* and *R. Jess Brown* for appellants.

*Dugas Shands* and *Edward L. Cates,* Assistant Attorneys General of Mississippi, and *Charles Clark,* Special Assistant Attorney General, for Patterson, *Thomas H. Watkins* for the City of Jackson, Mississippi, et al., and *Junior O'Mara* for the Greyhound Corporation et al., appellees.

PER CURIAM.

Appellants, Negroes living in Jackson, Mississippi, brought this civil rights action, 28 U. S. C. § 1343 (3), in the United States District Court for the Southern District of Mississippi, on behalf of themselves and others similarly situated, seeking temporary and permanent injunctions to enforce their constitutional rights to non-segregated service in interstate and intrastate transportation, alleging that such rights had been denied them under color of state statutes, municipal ordinances, and state custom and usage.* A three-judge District Court was convened, 28 U. S. C. § 2281, and, Circuit Judge Rives dissenting, abstained from further proceedings pending construction of the challenged laws by the state courts. 199 F. Supp. 595. Plaintiffs have appealed, 28 U. S. C. § 1253; *N. A. A. C. P.* v. *Bennett,* 360 U. S. 471. We denied a motion to stay the prosecution of a number of criminal cases pending disposition of this appeal. 368 U. S. 346.

Appellants lack standing to enjoin criminal prosecutions under Mississippi's breach-of-peace statutes, since they do not allege that they have been prosecuted or threatened with prosecution under them. They cannot

---

*The statutes in question are Miss. Code, 1942, Tit. 11, §§ 2351, 2351.5, 2351.7, and Tit. 28, §§ 7784, 7785, 7786, 7786–01, 7787, 7787.5.

represent a class of whom they are not a part. *McCabe* v. *Atchison, T. & S. F. R. Co.,* 235 U. S. 151, 162–163. But as passengers using the segregated transportation facilities they are aggrieved parties and have standing to enforce their rights to nonsegregated treatment. *Mitchell* v. *United States,* 313 U. S. 80, 93; *Evers* v. *Dwyer,* 358 U. S. 202.

We have settled beyond question that no State may require racial segregation of interstate or intrastate transportation facilities. *Morgan* v. *Virginia,* 328 U. S. 373; *Gayle* v. *Browder,* 352 U. S. 903; *Boynton* v. *Virginia,* 364 U. S. 454. The question is no longer open; it is foreclosed as a litigable issue. Section 2281 does not require a three-judge court when the claim that a statute is unconstitutional is wholly insubstantial, legally speaking nonexistent. *Ex parte Poresky,* 290 U. S. 30; *Bell* v. *Waterfront Comm'n,* 279 F. 2d 853, 857–858. We hold that three judges are similarly not required when, as here, prior decisions make frivolous any claim that a state statute on its face is not unconstitutional. *Willis* v. *Walker,* 136 F. Supp. 181; *Bush* v. *Orleans Parish School Board,* 138 F. Supp. 336; *Kelley* v. *Board of Education,* 139 F. Supp. 578. We denied leave to file petitions for mandamus in *Bush,* 351 U. S. 948, and from a similar ruling in *Booker* v. *Tennessee Board of Education,* 351 U. S. 948. The reasons for convening an extraordinary court are inapplicable in such cases, for the policy behind the three-judge requirement—that a single judge ought not to be empowered to invalidate a state statute under a federal claim—does not apply. The three-judge requirement is a technical one to be narrowly construed, *Phillips* v. *United States,* 312 U. S. 246, 251. The statute comes into play only when an injunction is sought "upon the ground of the unconstitutionality" of a statute. There is no such ground when the constitutional issue presented is essentially fictitious.

This case is therefore not one "required . . . to be heard and determined by a district court of three judges," 28 U. S. C. § 1253, and therefore cannot be brought here on direct appeal. However, we have jurisdiction to determine the authority of the court below and "to make such corrective order as may be appropriate to the enforcement of the limitations which that section imposes," *Gully* v. *Interstate Natural Gas Co.,* 292 U. S. 16, 18; *Oklahoma Gas & Elec. Co.* v. *Oklahoma Packing Co.,* 292 U. S. 386, 392; *Phillips* v. *United States,* 312 U. S. 246, 254. Accordingly, we vacate the judgment and remand the case to the District Court for expeditious disposition, in light of this opinion, of the appellants' claims of right to unsegregated transportation service.

*Vacated and remanded.*