W. G. ANDERSON, Elijah Harris, Slater King and Emanuel Jackson, on behalf of themselves and others similarly situated, Plaintiffs,

v.

Asa D. KELLY, Mayor of the City of Albany, Georgia et al., Defendants.[1]

Civ. A. No. 730.

United States District Court
M. D. Georgia,
Albany Division.

Feb. 14, 1963.

1. Upon motion, the City of Albany, Georgia, a body corporate, was stricken as a Defendant. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492.

Constance Baker Motley, New York City, D. L. Hollowell, Atlanta, Ga., and C. B. King, Albany, Ga., for plaintiffs.

H. G. Rawls, Hilliard P. Burt, Albany, Ga., and E. Freeman Leverett, Elberton, Ga., for defendants.

ELLIOTT, District Judge.

This is a class action brought under the provisions of Rule 23(a) (3) of the Federal Rules of Civil Procedure by the Plaintiffs on behalf of themselves and on behalf of "all other Negro citizens of the City of Albany, Georgia similarly situated". The jurisdiction of this Court is invoked under the provisions of Title 28, United States Code, § 1343(3), and the relief sought is claimed to be authorized by the provisions of Title 42, United States Code, §§ 1981 and 1983, the action being brought to redress a claimed deprivation under color of state law, statute, ordinance, regulation, custom or usage of certain rights, privileges and immunities claimed to be secured by the Constitution and laws of the United States.

The complaint [2] alleges that each of the Plaintiffs is an adult Negro citizen of the United States and the State of Georgia, presently residing in the City of Albany, Georgia, and each Defendant is alleged to be an official or agent of the City of Albany, Georgia. It is further alleged in the complaint that segregation of the races is enforced by police officers of the City of Albany, Georgia in the public recreational, library and auditorium facilities of the City and that by reason of ordinances of the City of Albany segregation of the races is enforced in the privately owned transportation facilities, theatres and other places of public amusement, and it is these practices which Plaintiffs seek to enjoin by this proceeding. Specifically, Plaintiffs pray that the Defendants be restrained and enjoined:

(1) From an alleged enforcement of racial segregation in publicly owned and operated libraries, in the publicly owned and operated auditorium, in publicly owned and operated parks and playgrounds, and the recreational facilities thereof, in privately owned and operated buses and depots, in privately owned and operated taxicabs, in privately owned and operated

2. This case was consolidated with Civil Action 727 and Civil Action 731 for the purpose of trial only. The ruling made herein applies to Civil Action 730 only. Civil Actions 727 and 731 remain under consideration.

theatres and other places of public amusement; and

(2) From threatening to arrest, arresting and harassing Plaintiffs and members of their class for utilizing or attempting to utilize public parks, libraries, buses, bus depots, train stations, taxicabs, theatres and other places of amusement claimed by Plaintiffs to be presently limited to white persons by reason of Defendants' segregation policies and ordinances.

The Court has jurisdiction of the subject matter and the parties to this litigation.

Various motions were made by Plaintiffs and Defendants during the course of the hearing on this matter and rulings upon some were deferred until all the evidence had been submitted. Early in the proceedings the Defendants moved to dismiss the complaint for reason that it is not a proper class action, and after all evidence was in this motion was renewed. The ruling now made with respect to that motion makes it unnecessary to rule upon the remainder of the motions.

■■ We will first consider the rule governing class actions and the cases which have construed the rule. The rule simply provides that where there are numerous aggrieved parties one or more of them may sue on behalf of all to enforce a right which is common to the Plaintiff and the group or class which he represents. If the representative Plaintiff sues to enforce a right which he alleges has been withheld from the class, then he is required to show that that right has been withheld from him also. Otherwise, he is merely a volunteer. He is not a member of the class and has no standing in court to represent the class.

It is best stated by the United States Supreme Court:

"They [plaintiffs in a class action] cannot represent a class of whom they are not a part." Bailey v. Patterson, 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512 (1962).[3]

The decision in the Bailey case, supra, follows an earlier decision of the Supreme Court which held:

"It is an elementary principle that in order to justify the granting of this extraordinary relief, the complainant's need of it, and the absence of an adequate remedy at law, must clearly appear. The complainant cannot succeed because someone else may be hurt. Nor does it make any difference that other persons, who may be injured are persons of the same race or occupation. It is the fact, clearly established, of injuries to the complainant—not to others —which justifies judicial intervention. [Cases cited]" McCabe v. Atchison, T. & S. F. R. Co., 235 U.S. 151, 35 S.Ct. 69, 59 L.Ed. 169.

The rule stated in the Bailey case, supra, and the McCabe case, supra, is enunciated in a decision of the Fifth Circuit Court of Appeals where it is said:

" * * * [P]laintiff has wholly failed to plead or prove any deprivation of his civil rights and it is elementary that he has no standing to sue for the deprivation of the civil rights of others." Brown v. Board of Trustees of LaGrange Independent School District, 187 F.2d 20.

■■ We will next consider so much of the evidence as necessary to determine whether this is a proper class action. For the Plaintiffs to maintain this action

---

3. In this case plaintiffs sought injunctive relief to enjoin state criminal prosecutions of some of the "freedom riders". Plaintiffs themselves had not been prosecuted or threatened with prosecution and were without "standing to enjoin criminal prosecutions * * * since they do not allege that they have been prosecuted or threatened with prosecution". The same case was reported earlier at 368 U.S. 346, 82 S.Ct. 282, 7 L.Ed.2d 332 (1961), with the same ruling.

under consideration it must appear that one or more of *them* had been denied the rights or suffered the injuries which they allege have been denied to and suffered by the class which they purport to represent. Upon examination of 1338 pages of testimony and 65 exhibits we find that there is a complete lack of evidence sufficient to sustain a contention that any one or more of *the Plaintiffs* have ever been denied the use of any of the facilities referred to in the complaint because of their race or for any other reason, nor that when using such facilities that *they* have been compelled to use them on a segregated basis. Nor is there any evidence that any one or more of *the Plaintiffs* have ever been arrested, threatened with arrest or harassed for utilizing or attempting to utilize the public parks, libraries, buses, bus depots, train stations, taxicabs, theatres and other places of public amusement in the City of Albany. There are four Plaintiffs. Two of them never testified concerning any matter during the course of the trial. The testimony of the two who did testify was deficient in the respect above indicated. The Court finds that the Plaintiffs have not been denied the rights nor suffered the injuries referred to in the complaint. This being so, the Plaintiffs lack standing to seek injunctive relief for others who may have been injured, because the Plaintiffs cannot represent a class of whom they are not a part.

■■  It also follows that since Plaintiffs have failed to prove that any of their rights as individuals have been denied, they have no right to injunctive relief in their individual capacities. The desire to obtain a sweeping injunction cannot be accepted as a substitute for compliance with the general rule that the complainants must present facts sufficient to show that their individual needs require injunctive relief. Bailey v. Patterson, 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512; McCabe v. Atchison, T. & S. F. Ry. Co., 235 U.S. 151, 35 S.Ct. 69, 59 L.Ed. 169; Brown v. Board of Trustees, U.S.C.A.

5th, 187 F.2d 20; and Kansas City, Mo. et al. v. Williams et al., U.S.C.A.8th, 205 F.2d 47.

Defendants' motion to dismiss is sustained.

So ordered.