John **LODICO**, Sr., Plaintiff,

v.

**BOARD OF SUPERVISORS OF the COUNTY OF ROCKLAND,**
Defendant,

and

**Town of Clarkstown, Intervenor.**

No. 65–Civ. 2361.

United States District Court
S. D. New York.

May 16, 1966.

See also, D.C., 256 F.Supp. 442.

Roland, Hurley & Fox, Stony Point, N. Y., for plaintiff; Frederick P. Roland, Stony Point, N. Y., of counsel.

J. Martin Cornell, County Atty., for defendant.

Donald S. Tracy, Town Atty., for intervenor.

Louis J. Lefkowitz, Atty. Gen. of State of New York, Daniel M. Cohen, Asst. Atty. Gen.

Before MOORE, Circuit Judge, and CROAKE and BONSAL, District Judges.

PER CURIAM.

Plaintiff, a resident of the Town of Clarkstown, County of Rockland, State of New York, brought this action in the New York State Supreme Court in and for his county, seeking a declaratory judgment

"that Article 4 of the County Law [McKinney's Consol.Laws, c. 11] of the State of New York * * * [is] illegal, invalid, void and unconstitutional" [1] and

"that the defendant immediately reconstitute and formulate a plan wherein and whereby the vote of the BOARD OF SUPERVISORS be proportionate to the number of persons each member represents in relation to the Township and the County population respectively."

After removal by the defendant, the plaintiff moved for summary judgment and the defendant sought to:

(1) add parties claimed to be indispensable, the State of New York, and the other towns in the county, contending that the county cannot reapportion without enabling legislation of the state and that any order of the court will directly affect the five towns in the county, and (2) refer "the motion to be heard and determined by a district court of three judges on the ground that the constitutional questions are such that the appeal from any order should be directly to the U. S. Supreme Court."

The intervenor supported the application of the defendant. The motions came on to be heard before Judge Croake in the motion part of this court on November 16, 1965, and after some consideration, in a memorandum filed January 17, 1966, the request to convene a panel was granted and the remaining applications were denied without prejudice to renewal before the panel. In an order filed simultaneously with the memorandum, the Hon. J. Edward Lumbard, Chief Judge of the Court of Appeals for this Circuit, designated that the Hon. Leonard P. Moore, United States Circuit Judge, and the Hon. Dudley B. Bonsal, United States District Judge for the Southern District of New York, sit with Judge Croake in the statutory court. Argument was heard by the panel on February 16, 1966.

In view of the facts submitted and the representations made by counsel upon the hearing, it does not appear that there is a constitutional problem present at this time which would call for action by a three-judge court. This court is of the opinion that the principle of Bailey v. Patterson, 369 U.S. 31, 33, 82 S.Ct. 549, 7 L.Ed.2d 512 (1962), a racial segregation case, that a panel need not be convened when any claim that a state statute on its face is constitutional is rendered frivolous by prior decisions, may fairly be expanded so as to hold that it is the law of this Circuit that a question warranting action by a three-judge court is not present at this stage. This determination is made as a matter of practical judicial administration and as one which does not contravene the purposes of the three-judge court statute in this context. Nor is this to be read as intimating doubt over the convening of

1. Plaintiff has since specifically stated what is, of course, the thrust of his action, that is, not a questioning of "the constitutionality of Section 150 of the County Law of the State of New York *per se* but [rather a questioning of] * * * the constitutionality of the structure of the County Board of Supervisors and its functioning under Article 4 of the County Law of the State of New York." See the undated affidavit of Frederick P. Roland, Esq., counsel for the plaintiff, submitted after the original hearing on this matter under covering letter of November 16, 1965.

the Panel in this case in the first instance. Indeed, prudence would well call for hesitancy by a single judge in breaking what is apparently new ground in these complex areas. However, after reviewing the facts as presented by the parties, it is our opinion that resolution of the appropriate steps to be taken to remedy the disparity which presently exists under the current method of electing members of the Board of Supervisors is more properly the function of a single judge rather than of a three-judge court.

Accordingly, the matter is re-submitted to Judge Croake for disposition not inconsistent with the foregoing.

So ordered.

See also, D.C., 256 F.Supp. 440.

---

1. Plaintiff has since specifically stated what is, of course, the thrust of his action, that is, not a questioning of "the constitutionality of Section 150 of the County Law of the State of New York *per se* but [rather a questioning of] * * * the constitutionality of the structure of the County Board of Super- visors and its functioning under Article 4 of the County Law of the State of New York." See the undated affidavit of Frederick P. Roland, Esq., counsel for the plaintiff, submitted after the original hearing on this matter under covering letter of November 16, 1965.