**Fernando RODRIGUEZ, Jr., et al.,**
**Plaintiffs-Appellants,**

v.

**The Honorable Archie S. BROWN et al.,**
**Defendants-Appellees.**

**No. 28217.**

United States Court of Appeals,
Fifth Circuit.

Jan. 7, 1971.

Opinion, 5 Cir., 429 F.2d 269, withdrawn.

Mario G. Obledo, Pete Tijerina, San Antonio, Tex., Jack Greenberg, Norman Amaker, New York City, for appellants.

Sparta Bitsis, Asst. Criminal Dist. Atty., Ted Butler, Criminal Dist. Atty., Preston H. Dial, Jr., Asst. Crim. Dist. Atty., San Antonio, Tex., Crawford Martin, Atty. Gen. of Texas, Lonnie Zwiener, Asst. Atty. Gen., Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., Robert C. Flowers, Asst. Atty. Gen., for appellees.

Before WISDOM and INGRAHAM, Circuit Judges, and BREWSTER, District Judge.

ON PETITION FOR REHEARING

INGRAHAM, Circuit Judge.

The court, having received a petition for rehearing in the above entitled and numbered cause and having considered the briefs of counsel filed in response thereto, withdraws its opinion of July 2,

1970, and in lieu thereof substitutes the following:

Suit was instituted by Fernando Rodriguez, Jr., et al. on behalf of themselves and all others similarly situated, as plaintiffs, against The Honorable Archie S. Brown, The Honorable A. A. Semaan, as District Judges of the 144th and 175th State Judicial Districts, respectively; J. T. Palmer, Burton W. Armstrong, Mrs. Ann Gossett, Russell Chiodo and Joe M. Garza, as members of the Grand Jury Commission; and Elton Cude as District Clerk, defendants.

The suit was filed as a class action for injunctive and declaratory relief under 28 U.S.C. §§ 1343(3), 1343(4), 2201, 2202, 2281, 2284 and 42 U.S.C. § 1981, in which the jurisdiction of a three-judge district court was invoked pursuant to 28 U.S.C. §§ 2281 and 2284 to vindicate and enforce rights of the plaintiffs-appellants and members of their class guaranteed by the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution. The denial of these rights arises under certain statutes of the State of Texas, namely, to-wit: Articles 19.01, 19.04, and 19.08, Code of Criminal Procedure (quoted in full in the Appendix), which govern the qualifications of grand jury commissioners and members of the grand jury. The challenges to the constitutionality of the statutes are two fold: (a) the statutes are unconstitutional upon their face by the imposition of a wealth and social standard which bears no relevance to the competency of a person to serve as either a grand jury commissioner or as a grand juror, and (b) the statutes were unconstitutionally applied in that selection to the grand jury was restricted to a closed circle of business and professional people, friends, acquaintances and relatives of the grand jury commissioners.

The brunt of plaintiffs' attack is to secure the right of qualified Mexican-American citizens in Bexar County, Texas, to be fairly chosen for service on grand jury commissions and grand juries in Bexas County, Texas, without discrimination based on national origin and to have the number of such persons chosen fairly so as to reflect a truly representative cross-section of the community, and that the freeholder, householder requirements discriminate because of socio-economic standards and background with respect to their opportunity to serve on grand jury commissions and grand juries in Bexar County.

The attacks on the statutes in question have been somewhat emasculated since the suit was filed in 1968. Article 19.08, as amended by the 61st Legislature, effective September 1, 1969, contains neither a freeholder nor householder requirement as a qualification for service as a grand juror. However, Article 19.01 still contains the freeholder requirement for service as a grand jury commissioner.

Initially, the convening of a statutory three-judge court was denied. In the interim, Jackson v. Choate, 404 F.2d 910 (5th Cir.1968), was published and a statutory three-judge court was designated. It was thereafter determined by the three-judge panel that the case was not one for a statutory three-judge court, but rather, should be heard and determined by a single judge, Ex parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L. Ed. 152 (1933); Bailey v. Patterson, 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512 (1962), and Judge Spears, acting singly, but with the concurrence of the other two judges of the three-judge panel, denied relief to plaintiffs.

With the case in its present posture and our course of appellate review having been previously charted by Jackson v. Choate,[1] 404 F.2d 910 (5th Cir.1968),

---

1. "On appeal to the Court of Appeals which brings into review the merits of the decree by the single-Judge and the correctness of the 3-Judge order dissolving the 3-Judge Court, the Court of Appeals has the entire case before it. If the Court of Appeals finds the question insubstantial it would, of course, affirm the refusal to request a 3-Judge Court and consistent with that holding

we proceed to examine the correctness of the conclusion and order of the 3-judge panel that the constitutional issue raised in the instant case is insubstantial and remanding the same to the presiding judge for resolution of the merits.

On June 16, 1969, three days subsequent to the ruling here appealed from, the Supreme Court handed down its decision in Kramer v. Union Free School District, 395 U.S. 621, 89 S.Ct. 1886, 23 L.Ed.2d 583 (1969). The Court in *Kramer* considered a New York Statute limiting the vote in local school board elections to, inter alia, residents who owned or leased taxable real property. In holding that such voter qualifications denied excluded voters equal protection of the laws, the Court noted that any selective distribution of the franchise must be viewed critically to determine "whether the exclusion is necessary to promote a compelling state interest." 395 U.S. at 630, 89 S.Ct. at 1891, 23 L.Ed.2d 583.

The decision in *Kramer* presaged the result in Turner v. Fouche, 396 U.S. 346, 90 S.Ct. 532, 24 L.Ed.2d 567 (1970), wherein the Supreme Court ruled that the freeholder requirement for county school board membership in Georgia constituted an invidiously discriminatory qualification in violation of the equal protection clause of the Fourteenth Amendment. While the Court did strike down the freeholder requirement under the circumstances presented, it indicated that it did not exclude the possibility "that other circumstances might present themselves in which a property qualification for office-holding could survive constitutional scrutiny * * *." 396 U.S. at 364, 90 S.Ct. at 542, 24 L.Ed.2d 567.

The foregoing cases lucidly demonstrate that property qualifications for public office holding raise, at a minimum, a constitutional question of sub-

stantial dimensions—one that requires resolution by a statutory 3-judge court. Ex Parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152 (1933); Bailey v. Patterson, 369 U.S. 31, 82 S.Ct. 549, 7 L. Ed.2d 512 (1962).

Accordingly, we reverse the order dissolving the 3-judge court and remand the case back to that panel for its further action. While technically our remand order would require little else than the confirmatory reentry of the earlier conditional joinder order and thus permit direct, exclusive appeal to the Supreme Court, the 3-judge panel may wish to reassess its views in light of the teachings of *Kramer* and *Turner*.

Reversed and remanded.

## APPENDIX

Article 19.01 [333] [384] [372] Appointment of jury commissioners

The district judge, at or during any term of court, shall appoint not less than three, nor more than five persons to perform the duties of jury commissioners, and shall cause the sheriff to notify them of their appointment, and when and where they are to appear. The district judge shall, in the order appointing such commissioners, designate whether such commissioners shall serve during the term at which selected or for the next succeeding term. Such commissioners shall receive as compensation for each day or part thereof they may serve the sum of Ten Dollars, and they shall possess the following qualifications:

1. Be intelligent citizens of the county and able to read and write the English language;

2. Be qualified jurors and freeholders in the county;

---

it could affirm, or for that matter in some situations reverse on the merits. If the Circuit Court finds that the case was properly one for the 3-Judge Court, it would have to reverse the order dissolving the 3-Judge Court without examining the merits of the two orders— one by the single Judge, and one by the 3 Judges joining in the single Judge order (or vice versa)."

3. Have no suit in said court which requires intervention of a jury;

4. Be residents of different portions of the county; and

5. The same person shall not act as jury commissioner more than once in the same year. Acts 1965, 59th Leg., Vol. 2, p. 317, ch. 722.

Art. 19.04 [336] [387] [375] Instructed

The jury commissioners, after they have been organized and sworn, shall be instructed by the judge in their duties and shall then retire in charge of the sheriff to a suitable room to be secured by the sheriff for that purpose. The clerk shall furnish them the necessary stationery, the names of those appearing from the records of the court to be exempt or disqualified from serving on the jury at each term, and the last assessment roll of the county. Acts 1965, 59th Leg., vol. 2, p. 317, ch. 722.

Art. 19.08 [339] [309] [378] Qualifications

No person shall be selected or serve as a grand juror who does not possess the following qualifications:

1. He must be a citizen of the state, and of the county in which he is to serve, and be qualified under the Constitution and laws to vote in said county, provided that his failure to pay a poll tax or register to vote shall not be held to disqualify him in this instance;

2. He must be of sound mind and good moral character;

3. He must be able to read and write;

4. He must not have been convicted of any felony;

5. He must not be under indictment or other legal accusation for theft or of any felony.

Amended by Acts 1969, 61st Leg., p. 1364, ch. 412, § 5. eff. Sept. 1, 1969.

* [1] Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5 Cir. 1970, 431 F.2d 409.