**John B. CICCHETTI, Individually and on behalf of all others similarly situated,**

v.

**David J. LUCEY, Registrar of Motor Vehicles.**

**Civ. A. No. 73–3185–F.**

United States District Court, D. Massachusetts.

May 21, 1974.

Robert W. Hagopian, Wrentham, Mass., for plaintiff.

Asst. Atty. Gen. Christopher Worthington, Boston, Mass., for defendant.

## OPINION

FREEDMAN, District Judge.

This class action allegedly arises under 42 U.S.C. § 1983. Plaintiff seeks to have Massachusetts General Laws, Chapter 90C, Section 4, declared unconstitutional on its face or as applied to plaintiff, and asks that the Court enjoin defendant from acting pursuant to that statute. The statute reads as follows:

If any person summoned to appear before a court for an automobile law violation fails without good cause to appear at the time and place specified on said summons, and has failed to comply with the provisions of section four A, the clerk of court to which said summons was returnable shall immediately notify the registrar who shall suspend any motor vehicle license issued to such person, and such person shall not be eligible for reinstatement of his license until he shall have appeared before said court and answered to the charge made against him.

Plaintiff originally brought this action in his own behalf only. In an amended complaint, allowed by the Court, plaintiff sought to sue on behalf of a class of plaintiffs similarly situated. By order of the Court, dated May 21, 1974, the following class has been certified:

All those persons whose Massachusetts License to Operate Motor Vehicles has been suspended by the defendant or his predecessors or successors in office pursuant to Massachusetts General Laws, Chapter 90C, Section 4, prior to an opportunity for hearing on such suspension.

Plaintiff requests a three-judge panel be convened to hear this action. Bailey v. Patterson, 369 U.S. 31 at 33, 82 S.Ct. 549, 7 L.Ed.2d 512 (1962), states that a three-judge court is not required where the constitutional claim had been settled by prior binding precedent. It is this Court's opinion, as will be elaborated upon, that Bell v. Burson, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971), constitutes prior binding precedent as to the issues raised in the case at bar and renders the constitutional question herein insubstantial. The necessity for a three-judge court is thus foreclosed.

Defendant has moved to dismiss the action and plaintiff has moved for summary judgment. Oral arguments on both motions were heard on April 1, 1974. The facts, as alleged, are not contested. Defendant has not denied the factual allegations of the complaint and the parties assumed the same set of facts upon arguing their respective motions. There is no dispute as to any genuine issue of material fact. The relevant facts are as follows:

On April 23, 1973, a Boston Police Officer issued a citation to the plaintiff for a motor vehicle violation. On the same day a complaint issued from the District Court. Plaintiff appeared at the designated time, but the case was continued until July 13, 1973. On that date plaintiff appeared, was tried, and

was found not guilty. Erroneously, the clerk of the District Court forwarded an abstract of its records to the Registry of Motor Vehicles, showing that the plaintiff had failed to appear at court and was defaulted on July 6, 1973. There was no such default. Upon receipt of the notification from the court, the defendant, pursuant to M.G.L. c. 90C, § 4, suspended the plaintiff's operators license without a hearing. In a short period of time the error was corrected and plaintiff's operators license returned to him. Mootness is not an issue as this action is brought on behalf of a class. [On a related matter, see 7A Wright & Miller § 1776 (1972 Edition).] The Court will address the motions individually.

■ Defendant urges dismissal on the grounds that: (1) the complaint fails to state a cause of action under 42 U.S.C. § 1983; (2) that the matters contained in the complaint do not involve a constitutionally protected right, thus the Court is without jurisdiction under 28 U.S.C. § 1343; and (3) that plaintiff has failed to exhaust available administrative and statutory remedies. The Court rejects these arguments. Defendant asserts that the statute does not violate due process because the Commonwealth has an "overriding interest in assuring proper response to criminal complaints arising out of motor vehicle violations." If there is such an "overriding interest," the Court fails to see how affording an opportunity to be heard creates an obstacle which interferes with that interest. As was stated recently by the Court of Appeals for this Circuit, ". . . if the state can accomplish its purpose just as well by observing some measure of due process as by not observing it, it should tread the former path." Palmigiano v. Baxter, 487 F.2d 1280, 1287 (1st Cir., 1973). It would certainly not be overburdensome to send one notice advising an operator that within a specified number of days his or her license would be suspended if he or she did not take advantage of a given opportunity to be heard.

■ Nor is the Court impressed by defendant's argument that a constitutionally protected right is not involved. It is too well settled to warrant extensive discussion that such is not the case.

> Once licenses are issued, as in petitioner's case, their continued possession may become essential in the pursuit of a livelihood. Suspension of issued licenses thus involves state action that adjudicates important interests of the licensees. In such cases the licenses are not to be taken away without that procedural due process required by the Fourteenth Amendment. Bell v. Burson, *supra*.

This language is conclusive. Plaintiff does raise an issue of constitutional proportion.

■ Defendant further argues that plaintiff did not exhaust available administrative and statutory remedies and is thereby foreclosed from seeking relief in this Court. The fault in this argument is most obvious. Existing remedies are not available until after the license has been suspended. Such remedies clearly fall short of constitutional due process requirements.

■ Finally, defendant argues that an operator's appearance in court to answer the charges against him or her affords that operator an adequate opportunity to be heard. Once again the logic behind this argument is unsound. The operator does not have an opportunity to contest the suspension of his license prior to that suspension having occurred. It is clear from the statutory language that the legislature did envision instances where there might be "good cause" for not appearing. Unfortunately, there is no provision for providing an operator with the opportunity to present evidence showing that there was "good cause," if any.

Defendant's motion to dismiss, consequently, is denied.

The Court, having determined that there exists no genuine issue of material fact, concludes that the holding in Bell v. Burson, *supra*, compels the entry of

summary judgment in favor of the plaintiffs. The named plaintiff states in his brief that he no longer wishes to pursue his prayers for damages and injunctive relief. It appearing that the defendant acted in good faith in carrying out his duties under a state statute which he had to presume was valid, the Court would, in all likelihood, decline to award damages anyway. Likewise, the Court will accede to the named plaintiff's request and not order injunctive relief. The Court does find that M.G.L. c. 90C, § 4, is violative of certain due process rights guaranteed by the Fourteenth Amendment in that it denies persons of an important interest without an opportunity for prior hearing. The Court, therefore, declares that said statute is unconstitutional on its face and orders that summary judgment be entered for the plaintiff.

## ORDER

Pursuant to Federal Rule of Civil Procedure 23(c)(1), the Court determines and orders that Civil Action No. 73–3185–F is properly maintainable as a class action. The Court orders that plaintiff Cicchetti may sue as representative party on behalf of the following class:

> All those persons whose Massachusetts License to Operate Motor Vehicles has been suspended by the defendant or his predecessors or successors in office pursuant to Massachusetts General Laws, Chapter 90C, Section 4, prior to an opportunity for hearing on such suspension.

The Court finds that said class of persons is so numerous that joinder of all members is impracticable, that there are questions of law or fact common to the members of the class, that the claims of the representative party are typical of the claims of the class he represents, and that the representative party will fairly and adequately protect the interests of the class.

In addition, the Court finds that the party opposing the class has acted or refused to act on grounds generally applicable to the class. That is, he has suspended, pursuant to M.G.L. c. 90C, § 4, Massachusetts Licenses to Operate Motor Vehicles prior to affording persons so licensed an opportunity to be heard on such suspension, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.