**NOZEWSKI POLISH STYLE MEAT PRODUCTS et al.**

v.

**Thomas J. MESKILL, Governor, and Jack A. Fusari, State of Connnecticut Commissioner of Labor.**

**Civ. No. H-74-100.**

United States District Court,
D. Connecticut.

June 7, 1974.

Ryszard S. Mrotek, New Britain, Conn., Stephen B. Horton, Hartford, Conn., for plaintiffs.

Robert K. Killian, Atty. Gen., Donald E. Wasik, Asst. Atty. Gen., Employment Security Division, Labor Department (AG–7), Hartford, Conn., for defendants.

## ORDER APPROVING AND ENTERING CONSENT JUDGMENT

BLUMENFELD, District Judge.

Following this Court's expression of grave doubt as to the constitutionality of § 31–51k of the Connecticut General Statutes, making it a crime for an employer to "knowingly employ an alien who is not entitled to lawful residence in the United States," see Marin v. Smith, 376 F.Supp. 608, 609, n.2 (D.Conn.1974), this action was filed seeking an injunction against enforcement of the suspect statute. In response thereto the state has conceded the statute's unconstitutionality, and the following consent judgment has been submitted by the parties for the Court's approval:

> The Defendants, and each of them and each of their officers, agents, servants and employees and all persons acting in their aid or assistance or in privity with them or any of them are hereby perpetually enjoined and restrained from in any manner enforcing or attempting to enforce the provisions of Section 31–51k of the Connecticut General Statutes (1972, P.A. 275, S. 1–3), in that said statute is unconstitutional and of no force and effect.

■ The Court deems it proper to enter the stipulated consent judgment as the judgment of the Court. The state's concession of unconstitutionality does not render moot the plaintiffs' challenge to the statute, for that concession is not necessarily binding on future state officials who might choose to attempt to enforce Conn.Gen.Stats. § 31–51k at some later date. Cf. Goosby v. Osser, 409 U.S. 512, 515–516, 93 S.Ct. 854, 35 L.Ed.2d 36 (1973). The Court agrees with the parties that the statute is unconstitutional, and justice requires that the plaintiffs be afforded complete relief from its enforcement, especially since the availability of such relief was a major factor in the Court's refusal to grant an injunction against federal officials in Marin v. Smith, supra. Only through the entering of a conclusive judgment can the issue of Conn.Gen.Stats. § 31–51k's unconstitutionality be rendered res judicata and hence fully binding on future state officials.

■ The consent judgment does constitute a "permanent injunction restraining the enforcement . . . of [a] State statute by restraining the action of any officer of such State in the enforcement or execution of such statute," and hence could normally be granted only by a three-judge district court. 28 U.S.C. § 2281. However, the Supreme Court has decreed that "three judges are . . . not required when . . . prior decisions make frivolous any claim that a state statute on its face is not unconstitutional. . . . The reasons for convening an extraordinary court are inapplicable in such cases, for the policy behind the three-judge requirement—that a single judge ought not to be empowered to invalidate a state statute under a federal claim—does not apply. The three-judge requirement is a technical one to be narrowly construed . . . . The statute comes into play only when an injunction is sought 'upon the ground of the unconstitutionality' of a statute. There is no such ground when the constitutional issue presented is essentially fictitious." Bailey v. Patterson, 369 U.S. 31, 33, 82 S.Ct. 549, 551, 7 L.Ed.2d 512 (1962). In the instant case, not only do prior decisions render frivolous the contention that Conn.Gen.Stats. § 31–51k is not unconstitutional, see Marin v. Smith, supra, 376 F.Sup. at 609, n.2, but also the state's concession of its unconstitutionality makes applicable here, a fortiori, the reasons expressed in Bailey v. Patterson, supra, for not adopting a narrow construction of 28 U.S.C. § 2281.

Thus a three-judge court need not be convened in this case. See Jordan v. Fusari, 496 F.2d 646, 648, n.2, (2d Cir. 1974).

Accordingly, the stipulated consent judgment is approved and may be entered as the judgment of the Court.

So ordered.