Melvin MILLER, Appellant,

v.

Don MILLER, Individually and as Administrator of the Children's Services Division of the State of Oregon, et al., Appellees.

No. 74-1955.

United States Court of Appeals, Ninth Circuit.

Oct. 15, 1974.

Paul R. Meyer (argued), of Kobin & Meyer, Portland, Ore., for appellant.

W. Michael Gillette, Solicitor Gen. (argued), for appellees.

Before ELY and HUFSTEDLER, Circuit Judges, and TAYLOR,* District Judge.

DECLARATORY JUDGMENT

PER CURIAM:

This appeal challenges the validity of an Oregon statute, ORS 109.326(1). In effect, the statute permits the adoption of a child born out of wedlock upon the consent of the natural mother, without notice to, or the consent of, the natural father.

It is undisputed that the appellant is the natural father of a child born out of wedlock in July 1972. Following the child's birth, both parents shared custody of the child for a brief period. In late

* Honorable Fred M. Taylor, Senior United States District Judge, Boise, Idaho, sitting by designation.

1973, however, the mother, then in sole custody, consented to the adoption of the child without in any way consulting or attempting to secure the cooperation or consent of the natural father. The adoption has not yet been formally completed, and certain state action in connection with such a proposed adoption is required. The natural father sued in the District Court, resting his claim for the District Court's jurisdiction on 42 U.S.C. § 1983 and 28 U.S.C. § 1343. He attacked the constitutionality of the Oregon statute which, in situations such as that involved in the attempted adoption in question, provides, *inter alia,* that "the father of the child shall be disregarded just as if he were dead. . . ." Denied relief in the District Court, the appellant filed his appeal.

At the oral argument of the cause in this court, conducted on October 8, 1974, the Solicitor General of the State of Oregon conceded, in effect, that the state statute in question was out of harmony with the Federal Constitution. Pursuant to that concession, and upon the authority of Stanley v. Illinois, 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972), and Bailey v. Patterson, 369 U. S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512 (1962), it is hereby adjudged and declared that the application of the statute in question would infringe upon the Federal constitutional rights of the appellant and all natural fathers similarly situated. We further declare that the said statute is constitutionally null and void and, hence, unenforceable. From the attitude and forthrightness of the Oregon Solicitor General who appeared before us, we have no reason to believe that Oregon, following our declaration, will undertake to enforce ORS 109.326(1).[1] For that reason, we decline to issue an injunction against Oregon authorities.

Upon remand, the District Court may hold the cause in abeyance for a reasonable time so that if, contrary to our expectations, the necessity for an in-

junction should arise in order to implement this judgment, the District Court may issue such an injunction.

This Judgment shall issue forthwith, and no Petition for Rehearing will be entertained. Rule 2, Fed.R.App.P.

So ordered.

---

1. One Oregon court has already noted the apparent conflict between the statute and

Stanley v. Illinois, supra. Franklin v. Biggs, 513 P.2d 1216, 1218 n. 3 (Or.Ct.App.1973).