516 F.2d 892
 Darrow AIONA et al., Plaintiffs-Appellees,
v.
George T. H. PAI, Attorney General of the State of Hawaii,
Defendant-Appellant,
Barry J. C. Chung, Prosecuting Attorney of the City and
County of Honolulu, State of Hawaii, et al., Defendants.
 No. 74-1469.
 United States Court of Appeals,
Ninth Circuit.
 May 13, 1975.
 
 Peter J. Levinson, Deputy Atty. Gen., Honolulu, Hawaii, for defendant-appellant.
 Winston Mirikitani, Honolulu, Hawaii, Michael Town, Wailuku, Hawaii, Joseph T. Kiefer, Honolulu, Hawaii, for plaintiffs-appellees.
 OPINION
 Before CHAMBERS, ELY and GOODWIN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Denying a motion to convene a three-judge court pursuant to 28 U.S.C. § 2281, a single district judge issued an Order declaring Hawaii Rev.Stat. § 291C-77(c) (1973 Supp.) unconstitutional and enjoining the statute's enforcement. The Attorney General of Hawaii appeals.
 
 
 2
 The contested statute bans movable political campaign signs from sidewalks and other areas adjacent to highways. The statute's ban does not extend to signs containing other types of messages, e. g., commercial placards or signs carried by picketers in labor disputes.[1] We agree with the district judge's view that the statute is plainly and undeniably unconstitutional under the holding in Police Department of Chicago v. Mosley, 408 U.S. 92, 92 S.Ct. 2286, 33 L.Ed.2d 212 (1972). Cf. Lehman v. City of Shaker Heights, 418 U.S. 298, 94 S.Ct. 2714, 41 L.Ed.2d 770 (1974), in which the Court distinguished a city's decision to ban political advertisements from the city-owned transit system, which the Court approved, from a ban on political advertisements in traditional first amendment forums, such as public sidewalks and other thoroughfares.
 
 
 3
 Since the unconstitutionality of the statute here involved was settled beyond question by the Supreme Court's decision in Mosley, the district judge correctly determined that it was unnecessary to convene a three-judge court. Bailey v. Patterson, 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512 (1962); see Goosby v. Osser, 409 U.S. 512, 518-19, 93 S.Ct. 854, 35 L.Ed.2d 36 (1973).
 
 The District Court's order is
 
 4
 Affirmed.
 
 
 
 [1]
 Hawaii Rev.Stat. § 291C-77(c) (1973 Supp.) states:
 Except as otherwise provided by county ordinance, no person shall hold or display a movable sign within the right-of-way boundaries of a public highway or on the sidewalk abutting a public highway or in an area adjacent to the highway for the purpose of carrying on political campaign activities as defined in section 19-6(7) and which seek to draw the attention of occupants of motor vehicles using the highway. A movable sign is any portable device, display, emblem, billboard, notice, picture, painting or writing, other than official signs placed or required by the state or county.