**Philip FISHER, etc., et al.,**

v.

**Lorna B. HERSETH, etc., et al.**

**Civ. No. 74–4015.**

United States District Court,
D. South Dakota.

April 25, 1974.

Robert C. Ulrich, Vermillion, S. D., for plaintiff.

Neil Carsrud, Asst. Atty. Gen., Pierre, S. D., Arthur L. Rusch, Clay County State's Atty., Vermillion, S. D., for defendants.

## MEMORANDUM DECISION

BOGUE, District Judge.

Plaintiff Philip Fisher is 35 years old and a United States citizen. After a two year hiatus in California, he returned to his home state of South Dakota in December of 1973 and since that time has been employed as an assistant professor by the University of South Dakota. When the plaintiff attempted to register to vote in Vermillion, South Dakota, on February 11, 1974, despite other indicia of bona fide residency, he was denied registration by the Clay County Auditor's office because he did not meet residency requirements of Article VII, section 1, of the South Dakota Constitution. That article requires (a) residency in the United States for five years, (b) residency in the state one hundred eighty days, (c) residency in the county ninety days and (d) residency in the election precinct thirty days.

Plaintiff Fisher instituted this class action under Rule 23, Federal Rules of Civil Procedure. He seeks to have Article VII, section 1, of the South Dakota Constitution declared violative of the Equal Protection clause of the Fourteenth Amendment and of the right to travel under the Constitution of the United States of America. Plaintiff further seeks an injunction to restrain the Secretary of State of South Dakota and the Clay County Auditor from enforcing the state constitutional provisions.

Jurisdiction is conferred on this Court by 28 U.S.C. § 1343. Plaintiff's action is authorized by 28 U.S.C. §§ 2201, 2202 and Rule 57 of the Federal Rules of Civil Procedure, which relate to declaratory judgments, and by 42 U.S.C. § 1983 which provides redress for the deprivation under color of state law of rights, privileges and immunities secured to all citizens and persons within the jurisdiction of the United States by the Constitution and laws of the United States. Plaintiff has moved for a summary judgment, and such judgment is granted for the reasons that follow.

Plaintiff requested a three-judge court under 28 U.S.C. §§ 2281, 2284, which would ordinarily be required when an action is brought to enjoin enforcement of state law. In this case, however, the law on durational voter residency is well settled. Dunn v. Blumstein, 405 U.S. 330, 92 S.Ct. 995, 31 L. Ed.2d 274 (1972). As the United States Supreme Court stated in Bailey v. Patterson, 369 U.S. 31, 33, 82 S.Ct. 549, 7 L.Ed.2d 512 (1961):

> The question is no longer open; it is foreclosed as a litigable issue. Section 2281 does not require a three-judge court when the claim that a statute is unconstitutional is wholly insubstantial, legally speaking non-existent. Ex parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152; Bell v. Waterfront Comm., 2 Cir., 279 F.2d 853, 857–858. We hold that three judges are similarly not required when, as here, prior decisions make frivolous any claim that a state statute on its face is *not* unconstitutional. (emphasis supplied)

The *Bailey* decision was further interpreted by Judge Friendly of the Second Circuit Court of Appeals when he said:

> Congress could not have intended to require three judges to be assembled when decision could not possibly go in any manner save one. Utica Mut. Ins. Co. v. Vincent, 375 F.2d 129, 131, n. 1

(2nd Cir. 1967), cert. den. 389 U.S. 839, 88 S.Ct. 63, 19 L.Ed.2d 102 (1967).

This Court sitting alone is therefore qualified to render a decision in this case.

 The United States Supreme Court in Dunn v. Blumstein, *supra*, held that durational voter residency requirements, similar to those in question here, were an infringement on a person's right to vote and right to travel and, as such requirements did not further any compelling state interest, they were a violation of the equal protection clause of the Fourteenth Amendment to the United States Constitution. The same is true in this case. The only distinction from *Dunn* is that Tennessee state law provides that qualified prospective voters could register up until thirty days prior to the election, whereas South Dakota law provides that qualified prospective voters can register up until twenty days prior to the election. S.D.C.L. § 12–4–5. The twenty-day requirement would certainly be reasonable and would appear to be ample to complete whatever administrative tasks are needed to prevent fraud and insure the purity of the ballot box. *Dunn, supra,* 405 U.S. at 348, 92 S.Ct. 995.

Article VII, section 1, of the South Dakota Constitution is therefore declared null and void and of no effect because of its repugnancy to the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. Defendants shall be permanently enjoined from refusing to register the plaintiff and members of his class for the reason that they do not meet the durational residency requirements of the above invalid state constitutional provision.

It should be understood that this Court's ruling is limited to *bona fide* residents of South Dakota. Nothing herein should be taken to mean that in the appropriate circumstance a county auditor cannot refuse to register a person who is not a *bona fide* resident.

This decision is limited to the fact that a person cannot be refused the right to register to vote merely because he does not meet the invalid residency requirements set forth in Article VII, section 1, of the South Dakota Constitution.

This Court does not feel that attorney's fees would be proper in this circumstance. The plaintiff's counsel shall forthwith prepare an order providing for the appropriate injunctive relief.