**Cheryl T. JACKSON, Individually and as the representative of all residents of Indiana who are denied their right to register and vote by the provisions of the Constitution and Statutes of Indiana concerning durational residence requirements for voting, Plaintiff,**

v.

**The Honorable Otis R. BOWEN, Governor of the State of Indiana and Chairman of the State Election Board, et al., Defendants.**

No. IP 72–C–451.

United States District Court, S. D. Indiana, Indianapolis Division.

Sept. 21, 1976.

**316**

Craig E. Pinkus, Indianapolis, Ind., for Cheryl T. Jackson.

Charles G. Castor, Indianapolis, Ind., for Haggerty, Milan and O'Brien as Members of the Marion County Election Bd.

Gary R. Landau, Indianapolis, Ind., for Hunter and Schreiber as Marion County Registration Com'rs.

Theodore L. Sendak, Atty. Gen. of Ind., for Governor Otis R. Bowen and Neal and DeMoss as Members of the Indiana State Election Bd.

## MEMORANDUM OF DECISION

Before PELL, Circuit Judge, and DIL-LIN and NOLAND, District Judges.

PER CURIAM.

The within action is before this three-judge court pursuant to the mandate of the Court of Appeals for the Seventh Circuit which vacated the judgment of a single district judge, declaring unconstitutional the requirement of 60 days residence in a township as a qualification to vote in primary, general and city elections in the State of Indiana. Such requirement is contained in Article 2, Section 2 of the Constitution of the State of Indiana and in Acts of 1945, ch. 208, § 70, as amended. (I.C. 1971, § 3–1–7–26.) The case was remanded for a determination by a three-judge court in light of two intervening Supreme Court decisions, *Marston v. Lewis*, 410 U.S. 679, 93 S.Ct. 1211, 35 L.Ed.2d 627 (1973), and *Burns v. Fortson*, 410 U.S. 686, 93 S.Ct. 1209, 35 L.Ed.2d 633 (1973). The present defendants are successors in office to the original defendants, and have been substituted as parties defendant pursuant to F.R.Civ.P. 25.

This case was certified as a class action by Judge Cale J. Holder on October 4, 1972. Although the named plaintiff would now meet the 60-day requirement, "the problem to voters posed by the . . . residence requirement is 'capable of repetition, yet evading review.'" *Dunn v. Blumstein*, 405 U.S. 330, 333, n. 2, 92 S.Ct. 995, 998, n. 2, 31 L.Ed.2d 274 (1972); *accord, Gernstein v. Pugh*, 420 U.S. 103, 110, n. 11, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975); *Sosna v. Iowa*, 419 U.S. 393, 397–403, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975).

This case is the offspring of *Affeldt v. Whitcomb*, 319 F.Supp. 69 (N.D.Ind.1970), *aff'd*, 405 U.S. 1034, 92 S.Ct. 1304, 31 L.Ed.2d 576 (1972), which held the requirement of six months residence in the State unconstitutional.

The *Lewis* and *Burns* decisions add no support to the validity of the Indiana 60-day township residence requirement. In both cases, the Supreme Court upheld 50-day residency requirements, but only because they were tied to the closing of the State's registration process at 50 days prior to the election. Furthermore, the Court in *Burns* noted "the 50-day registration period approaches the outer constitutional limits in this area . . . ." 410 U.S. at 687, 93 S.Ct. at 1210.

The earlier Supreme Court decision in *Dunn v. Blumstein*, 405 U.S. 330, 92 S.Ct. 995, 31 L.Ed.2d 274 (1972), held that Tennessee's constitutional and statutory provisions which required a voter to be a Tennessee resident for one year and a county resident for three months were unconstitutional. The Court invoked strict scrutiny of the residency requirements because the fundamental right to vote was involved. Thus the State of Tennessee was required to show a "compelling state interest" for its residence requirements. "[T]he State cannot choose means that unnecessarily burden or restrict constitutionally protected activity. Statutes affecting constitutional rights must be drawn with 'precision,' and must be 'tailored' to serve their legitimate objectives. And if there are other, reasonable ways to achieve those goals with a lesser burden on constitutionally protected activity, a State may not choose the way of greater interference." (Citations omitted.) 405 U.S. at 343, 92 S.Ct. at 1003; *accord, Kusper v. Pontikes*, 414 U.S. 51, 59, 94 S.Ct. 303, 38 L.Ed.2d 260 (1973).

The basis of the *Blumstein* decision was that the State's asserted interest in preventing fraud was not enhanced by the one-year and three-month residence requirements given Tennessee's system of voter registration which continued up to 30 days before the election. As in Tennessee, the would-be Indiana voter's qualifications—including bona fide residence—are established when he registers by oath. I.C. 1971, § 3–1–7–9.

"As long as the State relies on the oath-swearing system to establish qualifications, a durational residence requirement adds nothing to a simple residence requirement to stop fraud. . . . As long as the State permits registration up to 30 days before an election, a lengthy durational residence requirement does not increase the amount of time the State has in which to carry out an investigation into the sworn claim by the would-be voter that he is in fact a resident." *Id.*, 405 U.S. at 347, 92 S.Ct. at 1005.

The Indiana residency requirement under attack suffers from the same fatal flaw. In Indiana, voter registration continues on a "door-to-door" basis up until the forty-fifth day preceding a primary or general election and continues up to and including the twenty-ninth day before an election at the principal voter registration office. I.C. 1971, § 3–1–7–7. Therefore, as in Tennessee, by simply swearing falsely, a "nonresident intent on committing election fraud will as quickly and effectively swear that he has been a resident for the requisite period of time as he would swear that he [is] simply a resident." 405 U.S. at 346, 92 S.Ct. at 1005.

This Court's conclusion that the 60-day waiting period is not the least restrictive means necessary for preventing fraud is bolstered by the recognition that the State of Indiana has at its disposal a variety of criminal laws that are more than adequate to deter whatever fraud may be feared. I.C.1971, §§ 3–1–32–1 to –67.

This Court, as did the Supreme Court in *Blumstein*, completely rejects the residency requirement as a means of affording some surety that a voter will more likely exercise his right to vote more intelligently. *See also, Affeldt v. Whitcomb*, 319 F.Supp. 69 (N.D.Ind.1970).

At least three district court decisions have held waiting periods beyond the cutoff date for voter registration to be uncon-

318

stitutional. *Meyers v. Jackson*, 390 F.Supp. 37 (E.D.Ark.1975) (30 days residence held too long when voter registration cut-off was 20 days before the election); *Fisher v. Herseth*, 374 F.Supp. 745 (D.S.D.1974); *Hinnant v. Sebesta*, 363 F.Supp. 398 (M.D. Fla.1973). Thus the determining factor is the time allowed for voter registration; a durational residency requirement beyond such time is impermissible. The *Lewis* and *Burns* decisions are not to the contrary.

The plaintiff and her class are entitled to a judgment declaring that Article 2, Section 2 of the Indiana Constitution and Chapter 208, § 70 of the Acts of 1945, as amended, (I.C.1971, § 3–1–7–26) are unconstitutional and void as in contravention of the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States. Plaintiff and her class are further entitled to a permanent injunction as prayed for. Judgment will be entered accordingly.