316 F.2d 574
 Joseph CARROLL, Charles Peterson and Charles Turecamo, as Treasurer, Orchestra Leaders of Greater New York, Plaintiffs-Appellants,
v.
ASSOCIATED MUSICIANS OF GREATER NEW YORK and Al Manuti, as President, Max L. Arons, as Secretary, and Hi Jaffe, as Treasurer of Local 802, Associated Musicians of Greater New York, Defendants-Appellees.
Joseph CARROLL, Charles Peterson and Charles Turecamo, as Treasurer, Orchestra Leaders of Greater New York, Plaintiff-Appellants,
v.
AMERICAN FEDERATION OF MUSICIANS OF the UNITED STATES AND CANADA, Herman D. Kenin, as President of said Federation, Stanley Ballard, as Secretary of said Federation, and George V. Clancy, as Treasurer of said Federation, Associated Musicians of Greater New York, Local 802, and Al Manuti, as President of Local 802, Max L. Arons, as Secretary of Local 802, and Hi Jaffe, as Treasurer of Local 802, Defendants-Appellees.
 Nos. 112-115.
 Dockets 27769-27772.
 United States Court of Appeals Second Circuit.
 Argued October 3, 1962 and March 19, 1963.
 Decided April 30, 1963.
 
 Godfrey P. Schmidt, New York City, for plaintiffs-appellants.
 Emanuel Dannett, New York City (McGoldrick, Dannett, Horowitz & Golub, Herbert D. Schwartzman, Eugene Mittleman, and Jerome H. Adler, New York City, Henry Kaiser and George Kaufmann, Washington, D. C., on the brief), for defendants-appellees American Federation of Musicians of United States and Canada, Herman D. Kenin, as President of said Federation, Stanley Ballard, as Secretary of said Federation, and George V. Clancy, as Treasurer of said Federation.
 David I. Ashe, Ashe & Rifkin, New York City for defendants-appellees Associated Musicians of Greater New York Local 802, and Al Manuti, as President of Local 802, Max L. Arons, as Secretary of Local 802, and Hi Jaffe, as Treasurer of Local 802.
 Before LUMBARD, Chief Judge, and FRIENDLY and KAUFMAN, Circuit Judges.
 LUMBARD, Chief Judge.
 
 
 1
 Joseph Carroll and Charles Peterson, orchestra leaders, appeal from a judgment of the District Court for the Southern District of New York dismissing their complaints in two actions which sought to enjoin the defendant musicians unions from collecting certain taxes, surcharges and welfare plan payments.[1] The complaints assertedly were class actions. Judge Levet held that no class existed, or if it did, there was insufficient proof either that the members were so numerous that they could not be brought before the court or that the plaintiffs adequately represented any such class. He also held that Carroll and Peterson had no standing to challenge the union exactions because they are no longer members of the union and the exactions are required only of members. We affirm.
 
 
 2
 The 1½ percent tax and the 10 percent traveling surcharge are described in Cutler v. American Fed. of Musicians, 316 F.2d 546 (2 Cir., 1963), decided this day. Welfare plan payments are made to the Local pursuant to its standing resolution which requires the leaders to collect from the purchaser of the performance one dollar per performer for each engagement and remit it to the Local.
 
 
 3
 After the commencement of this action, Carroll and Peterson were expelled from the union. Since they are not members of the union, they are not required by the union to make any of the payments which they challenge in this action.
 
 
 4
 We agree with Judge Levet's conclusion that they have no standing to seek injunctive relief against the collection of payments not demanded of them. The reason for their expulsion does not appear in the record. Nowhere is it contended that Carroll and Peterson were expelled for a violation of the union regulations which they were challenging nor do they seek reinstatement. If these two leaders were expelled from the union because they brought this action, or were denied reinstatement on the ground that they contested the exactions, the district court could order their reinstatement, see Labor-Management Reporting and Disclosure Act §§ 101(a) (5), 102, 609, 29 U.S.C. §§ 411(a) (5), 412, 529. If reinstatement were ordered, there would then be the requisite standing for an action such as this. But we agree with Judge Levet that Carroll and Peterson would have the burden of proving their right to reinstatement. Judge Friendly has said in an unreported memorandum of July 17, 1962, denying plaintiffs' motion to continue a preliminary injunction after Judge Levet's judgment in the instant case:
 
 
 5
 "When the proof showed that the basis for relief alleged in the complaint, to wit, union membership, had ceased, plaintiffs had the burden of showing other circumstances qualifying them for relief."
 
 
 6
 Carroll and Peterson contend that they are threatened by the union with reprisals which this court should restrain. We are not convinced, on the basis of the record before us, that the threatened reprisals result from a refusal to pay the exactions. On the contrary, it appears that reprisals, if any, would follow because the plaintiffs are no longer members of the union. This conclusion is supported by the fact that the union does not accept payments from nonmembers, even if they are proffered.
 
 
 7
 The question of the legality of reprisals for nonmembership is not before us, and we indicate no views regarding such claims. However, we find no proof of actual or potential reprisals because of the nonpayment of the exactions and we therefore conclude that Carroll and Peterson are not entitled to any relief against such asserted reprisals.
 
 
 8
 Inasmuch as Carroll and Peterson have no standing to seek equitable relief on their own behalf because they are no longer union members, it follows that they cannot adequately represent a purported class of orchestra leaders, all of whom are members of the union. Judge Levet's dismissal of the class action was therefore proper.
 
 
 9
 The judgment of the district court is affirmed.
 
 
 
 Notes:
 
 
 [1]
 We have today held in Cutler v. American Fed. of Musicians, 316 F.2d 546 (2 Cir., 1963) that the demand by the union for taxes and surcharges from orchestra leaders in the single engagement field who never act as sidemen violates § 302 of the Labor-Management Relations Act, 29 U.S.C. § 186
 When this appeal was first argued before us on October 3, 1962, it developed that Judge Levet was about to decide the companion case of Cutler. The parties then agreed to our suggestion that we await appeal in that case and consider all the cases together. Accordingly, this case was reargued with the appeal in the Cutler case on March 19, 1963.