Harry RODRIGUES et al., Plaintiff,

v.

PACIFIC TELEPHONE AND TELE-GRAPH CO., Defendant.

No. C 74–2247 WTS.

United States District Court, N. D. California.

Feb. 11, 1976.

John T. Hansen, Hansen & Weiss, San Francisco, Cal., for plaintiff.

Diane Savage, Pillsbury, Madison & Sutro, San Francisco, Cal., for defendant.

## MEMORANDUM OF DECISION

SWEIGERT, District Judge.

This is an employment discrimination action brought under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e *et seq.*) and the Civil Rights Act of 1866 (42 U.S.C. § 1981) by plaintiff Harry Rodrigues, on behalf of himself and others similarly situated, against his present employer, defendant Pacific Telephone & Telegraph Company, alleging that defendant systematically discriminates against Spanish-surnamed employees with respect to the promotion of such employees to second and district level management positions. Plaintiff seeks declaratory and injunctive relief, backpay, and compensatory and punitive damages.

The action is presently before the court on defendant's motion to dismiss the class aspects of the action (Doc. No. 31), which motion shall be treated by the court herein as a motion for determination that the action is not maintainable as a class action under Rule 23, Fed.R. Civ.P.

## THE PROPOSED CLASS

As defined in the complaint, the proposed class consists of all other Spanish-surnamed first and second level management employees of the defendant who were employed during the period from January 1, 1970 to the present and have been subjected to discrimination on the basis of their national origin with respect to employment promotions.

## EVIDENTIARY RECORD

The evidentiary matter outside the pleadings shows, in substance and effect, that plaintiff is a 55 year old native-born American whose national origin is one-half Portuguese and one-half German; that plaintiff's paternal grandparents were born in Portugal, but that both of his parents were born in the United States and were American citizens; that plaintiff's primary language is, and always has been, English and that he only remembers a "handful" of Spanish words from a high school Spanish class; that plaintiff believes "Rodrigues," as he spells it, is generally understood to be a Portuguese surname, whereas "Rodriquez" is generally understood to be a Mexican surname and "Rodriguez" is generally understood to be a Spanish surname; that plaintiff has consistently corrected persons who have mistaken him to be either Mexican or Spanish American, rather than Portuguese American, particularly when such persons have misspelled his surname; that during the period from 1968 to the present, plaintiff twice requested defendant to classify him for statistical purposes as Spanish-surnamed; that defendant has classified plaintiff for statistical purposes at different times as a "white anglo" and as a "Spanish-surnamed"; that, as of April, 1975, plaintiff was classified by defendant as Spanish-surnamed.

The evidentiary matter further indicates that, in 1969 an Office of Federal Contract Compliance (OFCC) representative from the Department of Defense specifically stated to defendant during a periodic compliance review that defendant should not include Portuguese Americans in its Spanish-surname classification; that, according to and based upon the personal knowledge of the former Chief of Employment Surveys Division, Office of Research of the Equal Employment Opportunity Commission (EEOC), the EEOC's instructions to private employers concerning the filing of required "EEO-1" statistical reports defined the ethnic category of "Spanish Surnamed Americans" to include all persons of Mexican, Puerto Rican, Cuban, or Spanish origin; that, sometime during this 1968 to 1974 period, the EEOC did consider a request to broaden the definition of "Spanish Surnamed" to include persons of Portuguese national origin, but that the EEOC concluded that such persons are not Spanish-surnamed and, therefore, should not be counted or reported as such; that the above-mentioned definition for "Spanish Surnamed Americans" in the instructions for the EEO-1 report was also included in the instructions for the 1974 EEO-4 reports required of state and local governments;

that the EEOC is presently in the process of changing the ethnic category of "Spanish Surnamed" to "Hispanic" for the purposes of the filing of EEO–1 reports, but that Portuguese Americans still will not be included in the category; that the 1975 EEOC instructions for the filing of EEO–6 reports by institutions of higher education define the ethnic category "Hispanic" to include "[a]ll persons of Mexican, Puerto Rican, Cuban, Central or South American, or other Spanish cultures or origin, regardless of race."

## MOTION FOR DETERMINATION THAT ACTION NOT MAINTAINABLE AS CLASS ACTION

■ It is well established that class certification issues in Title VII cases are to be determined pursuant to the requirements of Rule 23, F.R.C.P., and that, even upon a defendant's motion for determination that an action *not* be maintained as a class action, the burden is upon plaintiff to establish that the requirements of Rule 23 are satisfied. *Cook County College Teachers' Union, Loc. 1600, A.F.T. v. Byrd,* 456 F.2d 882, 885 (7th Cir. 1972); See also, 3B Moore's Fed.Practice ¶ 23.03–2 (2nd ed. 1969).

Rule 23 provides, in part:

(a) *Prerequisites to a Class Action.* One or more members of a class may sue or be sued as representative parties on behalf of all only if . . .
(4) the representative parties will fairly and adequately protect the interests of the class.

In support of the pending motion defendant contends that plaintiff, himself, is not a member of the proposed class and, therefore, that plaintiff is not an adequate class representative within the meaning of Rule 23(a)(4).

Plaintiff contends that he is, or should be considered to be, a member of the proposed class, emphasizing that he shares the single most important characteristic of the class—"a readily identifiable Spanish-surname."

■ It has been well established by the Supreme Court that, in order to represent a class of plaintiffs the individual named plaintiff must be a member of the class. *Schlesinger v. Reservists Committee to Stop the War,* 418 U.S. 208, 94 S.Ct. 2925, 41 L.Ed.2d 706 (1974); *Hall v. Beals,* 396 U.S. 45, 49, 90 S.Ct. 200, 204, 24 L.Ed.2d 214, 217 (1969); *Bailey v. Patterson,* 369 U.S. 31, 33, 82 S.Ct. 549, 551, 7 L.Ed.2d 512, 513 (1962). Applying this rule to Title VII actions, several courts have held that a member of one ethnic group can neither properly or adequately represent members of another ethnic group (e. g., *Ripp v. Dobbs Houses, Inc.,* 366 F.Supp. 205 (ND Ala. 1973) and *Thomas v. Ford Motor Co.,* 6 EPD ¶ 8945 (ED Mich.1973)—white cannot represent blacks; *Martin v. Safeway Trails, Inc.,* 59 F.R.D. 683 (DDC 1973)—black male cannot represent females or persons of foreign national origin; *Waters v. Heublein, Inc.,* 8 FEP Cases 908 (ND Cal.1974)—white female cannot represent ethnic and racial minorities).

We have found two cases, however, wherein the courts, without specifically discussing the issue, have held or indicated an intention to hold that a black plaintiff can represent a class consisting either of blacks and Mexican Americans or of blacks and other minorities. *Rodriguez v. East Texas Motor Freight,* 505 F.2d 40 (5th Cir. 1970); *Penn v. Stumpf,* 308 F.Supp. 1238, 1239 n. 1 (ND Cal. 1970).

■ Regardless of this indirect authority to the contrary, we conclude that a Title VII class representative must be an actual member of the sex, ethnic or racial group which he or she seeks to represent. To hold otherwise would be to disregard the present authority from the Supreme Court and the clear intent of Rule 23.

■ It is undisputed that plaintiff Rodrigues is a Portuguese American with a Portuguese surname. Based upon the evidentiary record presently before the court, we conclude that a Portuguese American with a Portuguese surname should not be considered to be "Spanish

surnamed". The above-mentioned EEOC and OFCC determinations that Portuguese Americans are not to be considered to be "Spanish-surnamed" or "Hispanic" for the purposes of filing statistical reports required by Title VII, while not controlling on the question of class certification, are regarded by this court as being clearly compelling in the absence of any substantial evidentiary matter to the contrary.

We find it to be of further significance that, although other courts have noted that certain common linguistic and physical characteristics are shared by, and are often the basis of discrimination against, Mexican and Spanish Americans (See e. g., *Castro v. Beecher*, 334 F.Supp. 930, 934 n. 2 (D.Mass.1971) and *Cisneros v. Corpus Christi Independent School Dist.*, 324 F.Supp. 599 (S.D.Tex.1970)), the instant record fails to show whether plaintiff Rodrigues shares any of those characteristics, except to show that he does *not* share what is perhaps the most common characteristic—the Spanish language.

We conclude, therefore, that plaintiff has failed to establish that he is a member of the class he seeks to represent and that he is not an adequate representative of the proposed class within the meaning of Rule 23(a)(4).

Plaintiff is not precluded by this conclusion from further pursuing his individual action or from seeking to represent some other class of which he is an actual member. We merely hold herein that plaintiff cannot adequately represent the class he presently proposes for certification.

Accordingly, it is hereby ordered that defendant's motion for a determination that the action is not maintainable as a class action should be, and hereby is, granted.