Dilip V. KULKARNI, Plaintiff,

v.

Ewald NYQUIST and Raymond Salman, Defendants.

Aase JACKSON, Plaintiff,

v.

Ewald NYQUIST and Raymond Salman, Defendants.

Nos. 76–CV–344 and 76–CV–360.

United States District Court,
N. D. New York.

Jan. 5, 1977.

Thomas R. Litwack, New York Civil Liberties Union, New York City, for plaintiffs.

Louis J. Lefkowitz, Atty. Gen., Robert D. McDougall, Jack W. Hoffman, Asst. Attys. Gen., Albany, N. Y., for defendants.

JAMES T. FOLEY, Chief Judge.

MEMORANDUM–DECISION and ORDER

In these actions there was submitted for decision, without oral argument, a motion in behalf of plaintiffs and cross-motion by defendants for summary judgment. Additionally, the plaintiffs seek a determination to maintain the actions as class actions and have filed a motion for such certification under Fed.R.Civ.Pro. 23(c)(1). This motion was also submitted without oral argument along with their motion for summary judgment. The two individual actions above, involving common questions of law and fact, were consolidated pursuant to Fed.R. Civ.Pro. 42(a) by stipulation of counsel.

In my judgment, it is clear, summary judgment is appropriate in this case because the facts are largely undisputed and there remains only questions of law. The respective complaints of plaintiff Kulkarni, a civil engineer, and plaintiff Jackson, a physical therapist, are totally parallel in the sense that both allege that they are aliens and by virtue of this status were denied a license to practice their respective professions in New York State. Pursuant to the New York Education Law, Sections 7206.1(6) and 6534(6) * respectively, a requirement for professional licensure for each plaintiff is that they have United States citizenship, "or file a declaration of intention to become a citizen . . . ." This requirement, the plaintiffs contend violates their rights, *inter alia,* under the equal protection clause of the Fourteenth Amendment.

There is no dispute here that plaintiffs were denied a professional license for any reason other than failure to fulfill this citizenship requirement. Their qualifications in terms of education, experience, age, character, and capability to perform the duties of each profession are not in question in this litigation, nor are the statutory requirements mandating such requirements.

The jurisdiction alleged is pursuant to 28 U.S.C. §§ 1331 and 1343 and the action is brought as authorized by 42 U.S.C. § 1983.

Plaintiffs request, in their complaints, as well as by the motions under Fed.R.Civ.Pro. 23, designation of the consolidated actions as a single class action allowing plaintiffs to represent: "a class of lawful permanent resident aliens who have been, are being, or will be denied licenses to engage in the practice of essentially private professions solely because they are not United States citizens and [or] have not filed a declaration of intention to become a United States citizen." *See* respective Complaints at paragraphs 23.

On the basis of this broadly categorized class, the plaintiffs seek the relief of a declaration of unconstitutionality and preliminary and permanent injunction against this citizenship requirement not only with respect to New York Education Law, Section 7206.1(6), which applies to plaintiff Kulkarni as an engineer, and Section 6534(6), which applies to plaintiff Jackson, as a physical therapist, but also with respect to identical requirements of citizenship for professional licensure under Sections: 6524(6) (physician); 6554(6) (chiropractor); 6604(6) (dentist); 6805(6) (pharmacist); 7324.1(6) (landscape architect); 7504.1(6) (certified shorthand reporter); and 7804(6) (masseur or masseuse).

In my judgment, two questions of law are presented which may appropriately be determined pursuant to the motion by both sides for summary judgment, the answers to both being clear under settled case law. There is no dispute that the citizenship requirements have denied plaintiffs professional licenses, causing them injury. Thus, the first issue is whether the citizenship requirement of N.Y. Education Law, Sections 7206.1(6) and 6534(6), violates the Equal Protection clause of the Fourteenth Amendment. The answer, I believe, has to be in the affirmative.

Second, in light of the obvious unconstitutionality of these sections, may the plaintiffs represent by means of a class action

---

* There are two sections of the New York State Education Law designated as "6534". It is the first appearing one, titled "Requirements for a professional license," that is relevant to the discussion herein.

other persons in other professions who are aliens and may be otherwise qualified for licenses under the remaining statutes cited *supra* and thereby also have the similar citizenship requirement declared in the other statutes unconstitutional? In my judgment plaintiffs cannot so represent other professions, and the motion for class action must be denied not only for a lack of standing on the part of these plaintiffs with respect to licensure of members of other professions, but also for failure to make any showing whatever of the numerosity in the other classes which they seek to represent.

■ With respect to the First question, the law has been settled for quite a long time that a state may not restrict an alien, lawfully residing in the United States, from pursuing a livelihood because he is not a citizen or does not intend to become one. *See Truax v. Raich*, 239 U.S. 33, 42, 36 S.Ct. 7, 60 L.Ed. 131 (1915); *Takahashi v. Fish & Game Comm'n*, 334 U.S. 410, 419, 68 S.Ct. 1138, 92 L.Ed. 1478 (1948).

During its last term, the Supreme Court again addressed the question of the rights of aliens who lawfully reside in the United States to pursue their livelihood in *government* employment, *Hampton v. Mow Sun Wong*, 426 U.S. 88, 96 S.Ct. 1895, 48 L.Ed.2d 495 (1976) as well as in the private sector where a professional license by statute is a necessary prerequisite. *Ex. Bd. of Eng., Arch. and Sur. v. Flores DeOtero*, 426 U.S. 572, 96 S.Ct. 2264, 49 L.Ed.2d 65 (1976).

Indeed, the latter case could hardly be more on point factually and legally with plaintiff Kulkarni's challenge, since both involve refusal by government to license the private practice of civil engineering on the basis of alienage. The Supreme Court referred to these laws as the:

> kind of discrimination that the States have had the greatest difficulty in persuading this Court that their interests are substantial and constitutionally permissible, and that the discrimination is necessary·for the safeguarding of those interests. *Ex. Bd. of Eng., Arch. and Sur. v. Fiores DeOtero* supra, 96 S.Ct. at 2282.

The Court concluded that "the statutory restriction on the ability of aliens to engage in the otherwise lawful private practice of civil engineering is plainly unconstitutional." *Id.*, at 2281. This reasoning applies with equal force to the citizenship or alienage requirement of N.Y. Education Law § 7206.1(6).

■ These two decisions by the Supreme court to my mind would mandate the same ruling of unconstitutionality under plaintiff Jackson's challenge to N.Y. Education Law § 6534(6). In addition, the recent and well reasoned decision of Judge Weinfeld in *Surmeli v. State of New York*, 412 F.Supp. 394 (S.D.N.Y.1976) holding as unconstitutional the citizenship requirement for physicians under an identically worded section pursuant to N.Y. Education Law § 6524(6) would apply *a fortiori* to the instant case. Certainly, if the state has no compelling reason to require physicians to be citizens or mandate that they declare their intent to become a citizen, no stronger case could be made, or in fact has been made, to enforce such a requirement against a physical therapist.

In yet another recent decision by a statutory three-judge court, a similar requirement of citizenship applicable to New York State school teachers was declared unconstitutional. *Norwick v. Nyquist*, 417 F.Supp. 913 (S.D.N.Y.1976) (three-judge court). And, in a somewhat related case, a New York statute imposing requirements of citizenship upon recipients for financial assistance for education was declared unconstitutional. *Mauclet v. Nyquist*, 406 F.Supp. 1233 (W.D.N.Y.1976) (three-judge court), review granted, 429 U.S. 917, 97 S.Ct. 307, 50 L.Ed.2d 282 (1976).

There is no need, in my judgment, to discuss further the contentions of defendants that such citizenship requirements fulfill legitimate and compelling state interests such as effecting political involvement in·the community by the professional, assuring his or her technical ability and financial responsibility, or that the requirement is *de minimus* and reasonable. In terms of the first two contentions above, I do not

believe citizenship or especially a declaration to become a citizen within ten years is in anyway causally related to or guarantees political involvement or financial responsibility. *See Ex. Bd. of Eng., Arch. and Sur. v. Flores DeOtero*, 96 S.Ct. at 2283. Additionally, such requirements are neither imposed upon any citizen-professionals generally, nor upon other licensed professionals in New York State which carry no citizenship requirement and yet arguably render services which are just as important to the citizens of New York State as others which require citizenship for grant of license. See, as having no citizenship-licensure requirement, N.Y. Education Law §§ 6904(6) (registered nurse); 6905(6) (practical nurse); 7004(6) (podiatrist); 7104(6) (optometrist); 7124(6) (opthalmic dispenser); 7304.1(6) (architect); 7474.1(6) (cert. public accountant); 7603(6) (psychologist); and 7704 (cert. social worker); and *see*, as having identical *in haec verba* citizenship-licensure requirements, N.Y. Education Law §§ 6524(6) (physician); 6534(6) (physical therapist); 6554(6) (chiropractor); 6604(6) (dentist); 6704(6) (veterinarian); 6805.1(6) (pharmacist); 7206.1(6) (professional engineer); 7206–a.1(6) (professional land surveyor); 7324.1(6) (landscape architect); 7504.1(6) (shorthand reporter); and 7804(6) (masseur or masseuse). The reasonability and compelling interest standard in these terms is difficult to discern, particularly when "alienage" seems to be recognized as an inherently suspect classification.

The same type contentions used here to argue the existence of a compelling need on behalf of the state already have been adequately addressed and fully discussed in the cases cited herein. *See also In re Griffiths*, 413 U.S. 717, 93 S.Ct. 2851, 37 L.Ed.2d 910 (1973).

Finally, there is the question of class action certification and the resulting demand for the expanded relief of declaring numerous similar New York State statutes unconstitutional. There is the temptation, perhaps grounded in notions of judicial economy, to conclude that the rationale here should be applied to the analogous statutes which have the identical citizenship requirements for their respective professional licenses which are here found to be so plainly unconstitutional with respect to these two plaintiffs. However, while such citizenship requirements may be subject to the same challenge upheld herein, see *Surmeli v. State of New York, supra*, equally obvious is the lack of standing of plaintiffs here to represent professions of which they are not members.

In my judgment, the class must be qualified not only by "aliens" who engage in various "professions" in general, but also on the basis or further qualified in terms of the specific profession as well. The statutes themselves do not effect or address "alien professionals", but rather deal with specific endeavors that might be termed professional only as a generic term or convenient supercategorical class. In addition to the aforementioned fact that licenses for some professional skills have no citizenship requirement and others do, causing inconsistency in the use of this term, it is my judgment that the concept of professional is too vague a link to give these plaintiffs a common thread of standing on the statutes which are inapplicable to them and which they seek to challenge by the device of a class action.

It may be that the parallelism of the citizenship requirements in the challenged statutes is susceptible to the reasoning cited and discussed herein. It is clear, however, under the rule of standing that one who is not injured in fact by the operation of a statute cannot challenge it by hypothetical or implied means. *United States v. Raines*, 362 U.S. 17, 21–22, 80 S.Ct. 519, 4 L.Ed.2d 524 (1960). The Supreme Court has recently reaffirmed the rule of *Raines* and stated further that:

The *Raines* rule remains germane in such a setting, where the interests of the litigant and the rights of the proposed third parties are in no way mutually interdependent. Thus, a successful suit against Raines did not threaten to impair or diminish the independent private rights of others, and consequently, consideration of

those third-party rights properly was deferred until another day.

*Craig v. Boren*, 429 U.S. 190, 97 S.Ct. 451, 50 L.Ed.2d 397 (1976).

■ The obvious fact here is that the plaintiffs themselves have not alleged injury in fact due to statutes which concededly do not apply to their respective professions. Warth v. Seldin, 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975); *O'Shea v. Littleton*, 414 U.S. 488, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974); *Bailey v. Patterson*, 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512 (1962) (per curiam). This standing requirement applies to class actions in this sense, so that an individual may not represent a class unless he may stand in the place of the other members of the proposed class. *See Rodrigues v. Pacific Tel. & Tel. Co.*, 70 F.R.D. 414, 416 (N.D. Calif.1976); *Kramer v. Union Free School District No. 15*, 282 F.Supp. 70 (E.D.N.Y. 1968) (three-judge court), *reversed on other grounds*, 395 U.S. 621, 89 S.Ct. 1886, 23 L.Ed.2d 583 (1969); *Jackson v. Sargent*, 394 F.Supp. 162 (D.Mass.1975), *affirmed sub nom. Jackson v. Dukakis*, 526 F.2d 64 (1st Cir. 1975); 3B Moore's Federal Practice ¶ 23.04; 7 Wright & Miller, Fed.Prac. & Pro., § 1761, p. 590.

It is clear that plaintiffs, as a civil engineer and a physical therapist, would not have standing *inter se* to challenge the citizenship requirement applicable to physicians. On the same basis, they do not have standing to represent a class containing such other professions. In sum, the term "professional" does not define or describe any statutory activity apart from further specification, and thus it does not confer standing nor properly define a class action in the case at bar. *See Carroll v. Associated Musicians of Greater New York*, 316 F.2d 574, 576 (2d Cir. 1963). Furthermore, even though, under this reasoning, a class action designation here might be appropriate in terms of engineers or physical therapists only, it is my judgment it should not be granted even on this more limited basis.

■ In the first place, given the declaration herein of the unconstitutionality of New York Education Law §§ 7206.1(6) and 6534(6) and the granting of a permanent injunction against them as well, the class action designation is largely a formality. *See Galvan v. Levine*, 490 F.2d 1255, 1261 (2d Cir. 1973), *cert. denied*, 417 U.S. 936, 94 S.Ct. 2652, 41 L.Ed.2d 240 (1974); *see also Farber v. Rochford*, 407 F.Supp. 529, 535 (N.D.Ill., E.D.1975). And, secondly, plaintiffs have made no showing whatever quantifying the numerosity of their proposed class. *See Valentino v. Howlett*, 528 F.2d 975 (7th Cir. 1976).

In conclusion, for these reasons the motion of the plaintiffs for summary judgment is granted and shall enter in their favor to the following extent:

1. The provisions of the New York Education Law Sections 7206.1(6) and 6534(6), which mandate conditions of United States citizens as criteria for professional licensure in the fields of engineering and physical therapy, are hereby declared unconstitutional on their face and as applied respectively against the two plaintiffs herein. This declaration of unconstitutionality is based on the plaintiffs' rights to equal protection of the laws under the Fourteenth Amendment of the Constitution.

2. The defendants are hereby enjoined and restrained from implementing or enforcing said provisions under 7206.1(6) and 6534(6) by requiring United States citizenship or a declaration of intent to obtain United States citizenship as a condition of professional licensure under these statutes.

The motion by plaintiffs for class action certification and the cross-motion by defendants for summary judgment are hereby denied and dismissed. My findings of fact and conclusions of law pursuant to Fed.R. Civ.Pro. 52(a) are set forth herein with regard to the injunctive relief so granted.

This order directing declaratory judgment to enter and a judgment granting injunctive relief is hereby stayed for a period of seven days from the date of its issuance to allow defendants, if they be so advised, to seek a further stay of this order in the Court of appeals, Second Circuit, pursuant to Fed.R.App.Pro. 8(a).

It is so Ordered.