Mr. Floyd Young, Jr., M.S.E. Chairman, Board of Examiners in Counseling State of Arkansas Little Rock, Arkansas 72201
Dear Mr. Young:
This is in response to your request for an opinion concerning Section 8b of Act 593 of 1979. That provision is codified at A.C.A. 17-24-301(2) and requires an applicant for a professional counselor license to be a United States citizen or to have declared the intention to become a United States citizen. The Board, pursuant to the authority granted under A.C.A.17-24-203(b), has adopted Rule and Regulation 2.9 which interprets this requirement as including "any natural born citizen of the United States or any alien who has on file with the Board a copy of the application for U.S. Citizenship and the final copy of the papers awarding citizenship as soon as they are conferred." The Board, in order to verify this requirement requires the N-400 form from the Immigration and Naturalization Service.
The Board is now faced with the application of a resident alien who is not eligible to apply for citizenship until 1993. He thus cannot supply the N-400 form and fulfill the requirements for licensure. You note that the applicant is currently employed by a state institution, and wants the license for private practice. the Board has thus far refused to license the individual because he fails to meet the statutory requirement. A formal opinion is requested on this matter.
For the reasons that follow, it is my opinion that A.C.A.17-24-301(2), (the statute requiring U.S. citizenship of applicants for licensed professional counselors), is constitutionally suspect.
The Arkansas Board of Examiners in Counseling is given authority in A.C.A. 17-24-203(b) to adopt rules and regulations as it deems necessary for the performance of its duties. Ordinarily, a rule such as Rule 2.9 would be a valid exercise of the board's authority in this regard. In this instance, however, the rule cannot withstand judicial scrutiny because the statutory provision it seeks to further is constitutionally suspect.
The United States Supreme Court held in Examining Board v. Flores de Otero, 426 U.S. 572 (1976), that Puerto Rico could not condition the grant of an engineer's license on a requirement of U.S. citizenship. The Court there stated:
 It is with respect to this kind of discrimination that the States have had the greatest difficulty in persuading this Court that their interests are substantial and constitutionally permissible, and that the discrimination is necessary for the safeguarding of those interests.
426 U.S. at 603.
The Court noted that "state classifications based on alienage are subject to `strict judicial scrutiny'", and that "classifications of this kind will be upheld only if the State or Territory imposing them is able to satisfy the burden of demonstrating `that its purpose or interest is both constitutionally permissible and substantial, and that its use of the classification is `necessary . . . to the accomplishment' of its purpose or the safeguarding of its interest.'" 426 U.S. at 602. In this regard, the Court cited the following language from Truax v. Raich, 239 U.S. 33 (1915): It requires no argument to show that the right to work for a living in the common occupations of the community is of the very essence of the personal freedom and opportunity that it was the purpose of the [Fourteenth] Amendment to secure. If this could be refused solely upon the ground of race or nationality, the prohibition of the denial to any person of the equal protection of the laws would be a barren form of words.
426 U.S. at 604, citing Truax, supra, 239 U.S. at 41.
The Court in Flores was not faced with a statute that required U.S. citizenship or the intent to become a U.S. citizen, but was faced only with a flat requirement of U.S. citizenship.[1] Our statute requires either U.S. citizenship or a declaration of intent to become a citizen. A similar statute was involved in Kulkarni v. Nyquist, 446 F. Supp. 1269 (N.D.N.Y. 1977). In Kulkarni, the court held that statutes that required both engineers and physical therapists to be U.S. citizens or to have declared their intention to so become were unconstitutional as violating the Equal Protection Clause. The court there stated:
 . . . the law has been settled for quite a long time that a state may not restrict an alien, lawfully residing in the United States, from pursuing a livelihood because he is not a citizen or does not intend to become one.
446 F. Supp. at 1271.
One exception has developed to this rule, and operates so as allow a state to require U.S. citizenship for:
 . . . persons holding state elective or important nonelective executive, legislative, and judicial positions, for officers who participate directly in the formulation, execution or review of broad public policy perform functions that go to the heart of representative government.
Sugarman v. Dougall, 413 U.S. 634 at 646 (1973).
For positions that fall within the exception, the courts are bound only to apply the "rational basis" standard, rather that[n] "strict scrutiny". (See generally Opinion No. 88-182, a copy of which is enclosed). It is my opinion, however, that licensed professional counselors do not fall within the exception noted above.
Accordingly, it is my opinion that the requirement under A.C.A.17-24-301(2) that applicants for a professional counselor license be U.S. citizens or have declared their intention to so become is constitutionally suspect.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
[1] Justice Rehnquist in his dissent to Nyquist v. Mauclet,432 U.S. 1 (1977) found this factor determinative. He concluded that because the decision of whether to declare one's intention to become a citizen was a factor completely within the control of the alien, that this fact kept the class of persons excluded by the law from being a "discrete and insular minority" to which strict scrutiny would apply. The majority evidently disagreed with this reasoning. In any event, the facts before us do not present a situation in which the exclusionary factor is within the control of the alien. He is required by Rule 2.9 to provide INS Form N-400. He cannot, even if he chose to do so, supply this form prior to 1993.