**Delores METZGER, individually and on behalf of all others similarly situated, Plaintiff,**

v.

**AMERICAN FIDELITY ASSURANCE COMPANY, Defendant.**

**No. CIV–05–1387–M.**

United States District Court, W.D. Oklahoma.

July 9, 2007.

---

George H. Brown, Tony Gould, Brown & Gould PLLC, Ryan T. Leonard, Leonard Law Firm, Oklahoma City, OK, for Plaintiff.

John M. Bolton, III, Sasser Bolton Stidham & Sefton PC, Philip Henry Butler, Bradley Arant Rose & White, Montgomery, AL, John E. Goodman, Bradley Arant Rose & White, Birmingham, AL, John N. Hermes, McAfee & Taft, Oklahoma City, OK, John R. Woodard, III, Thayla P. Bohn, Feldman Franden Woodard Farris & Boudreaux, Tulsa, OK, Roy D. Campbell, Stephen L. Thomas, Bradley Arant Rose & White, Jackson, MS, for Defendant.

## ORDER

VICKI MILES–LaGRANGE, District Judge.

Before the Court is "Plaintiff's Motion For Class Certification" [docket no. 85], filed November 11, 2006. On December 12, 2006, Defendant filed its response. Based upon the parties' submissions, the Court makes its determination.

## I. INTRODUCTION

Plaintiff seeks to certify the following class:

> All persons insured under AFA's form cancer policy who submitted a claim for benefits that: (a) was payable in an amount equal to a provider's "actual charges"; and (b) AFA paid in an amount: (i) equal to the "post-negotiation" interpretation of "actual charges" and (ii) less than any stated maximum benefits.

Plaintiff's Motion for Class Certification at 1. Defendant asserts that Plaintiff's motion should be denied because this case does not meet the requirements for class certification listed in Federal Rule of Civil Procedure 23.

## II. DISCUSSION

Federal Rule of Civil Procedure 23 governs the determination of whether a cause of action is suitable for determination as a class action. *In re Integra Realty Res., Inc.,* 262 F.3d 1089, 1112 (10th Cir.2001). "Requiring a showing on the merits of the claims is inappropriate when making the decision whether the action should be certified under Rule 23." 7A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure,* § 1759 (2004). "The decision to grant or deny certification of a class belongs within the discretion of the trial court." *Reed v. Bowen,* 849 F.2d 1307, 1309 (10th Cir.1988); 7A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure,* § 1759 (2004). "A party seeking to certify a class is required to show 'under a strict burden of proof, that all the requirements of [Fed. R.Civ.P.] 23(a) are clearly met.'" *Reed,* 849 F.2d at 1309; *Rossin v. S. Union Gas Co.,* 472 F.2d 707 (10th Cir.1973) ("The burden is

upon the party requesting a class action to show that the several requirements of Fed. R.Civ.P. 23 are satisfied.").

Rule 23(a) provides four prerequisites to a class action: numerosity, commonality, typicality and adequacy of representation. Fed. R.Civ.P. 23(a); *Shook v. El Paso County,* 386 F.3d 963, 968 (10th Cir.2004). The court must then look to the category of class action under Rule 23(b) for additional prerequisites involving class certification. Relevant to this case is Rule 23(b)(3) which requires that:

[T]he court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

Fed.R.Civ.P. 23(b)(3).

■ Assuming without deciding that Plaintiff can establish the other prerequisites for maintaining a class action, Plaintiff has failed to establish that she is an adequate representative. "[T]he adequate-representation requirement is typically construed to foreclose the class action where there is a conflict of interest between the named plaintiff and the members of the putative class." *Gen. Tel. Co. of the Nw., Inc. v. EEOC,* 446 U.S. 318, 331, 100 S.Ct. 1698, 64 L.Ed.2d 319 (1980). "It is axiomatic that a plaintiff cannot maintain a class action when his interests are antagonistic to, or in conflict with, the interests of the persons he would seek to represent." *Albertson's, Inc. v. Amalgamated Sugar Co.,* 503 F.2d 459, 463 (10th Cir. 1974) (citing *Hansberry v. Lee,* 311 U.S. 32, 61 S.Ct. 115, 85 L.Ed. 22 (1940)). Further, the Court gives special scrutiny to the re-

quirement that the Plaintiff fairly and adequately represent the class because of the concerns implicated in binding absentee class members to any final judgment. *Albertson's, Inc.,* 503 F.2d at 463 ("[T]his requirement of adequate representation must be stringently applied because members of the class are bound unless they affirmatively exercise their option to be excluded, even though they may not be actually aware of the proceedings."); *see also Zapata v. IBP, Inc.,* 167 F.R.D. 147, 161 (D.Kan.1996). "Resolution of two questions determines legal adequacy: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Rutter & Wilbanks Corp. v. Shell Oil Co.,* 314 F.3d 1180, 1187–88 (10th Cir.2002) (quoting *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1020 (9th Cir.1998)).

■ In the case at bar, the likely result of a successful outcome for Plaintiff's proposed class will be an increase in insurance premiums. Although Plaintiff has proposed a class of members who have filed claims, some of the purported class members may be current policyholders who will have to pay the increased premiums unlike Plaintiff who is not and has never been a policyholder. This places Plaintiff and her economic incentives at apparent odds with the purported class. Accordingly, the Court finds that a conflict of interest exists such that the purported class should not be certified.

A further indication of the inadequacy of Plaintiff as a class representative is the fact that Plaintiff is not a member of the class she seeks to represent. As previously stated, Plaintiff is not, and has never been, insured under AFA's form cancer policy. The Supreme Court has repeatedly held that "a class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members." *E. Tex. Motor Freight Sys. v. Rodriguez,* 431 U.S. 395, 405, 97 S.Ct. 1891, 52 L.Ed.2d 453 (1977) (citing *Schlesinger v. Reservists Comm. to Stop the War,* 418 U.S. 208, 216, 94 S.Ct. 2925, 41 L.Ed.2d 706 (1974); *Kremens v. Bartley,* 431 U.S. 119, 131 n. 12, 97 S.Ct.

1709, 52 L.Ed.2d 184 (1977); *Sosna v. Iowa*, 419 U.S. 393, 403, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975); *Rosario v. Rockefeller*, 410 U.S. 752, 759 n. 9, 93 S.Ct. 1245, 36 L.Ed.2d 1 (1973); *Hall v. Beals*, 396 U.S. 45, 49, 90 S.Ct. 200, 24 L.Ed.2d 214 (1969); *Bailey v. Patterson*, 369 U.S. 31, 32–33, 82 S.Ct. 549, 7 L.Ed.2d 512 (1962)); *see also Monarch Asphalt Sales Co., Inc. v. Wilshire Oil Co. of Texas*, 511 F.2d 1073, 1077 (10th Cir.1975) ("A class action may not be maintained by a putative representative who is not a member of the class.") (citing *Bailey v. Patterson*, 369 U.S. 31, 32–33, 82 S.Ct. 549, 7 L.Ed.2d 512 (1962)).

Having carefully reviewed the parties' submissions, the Court finds that Plaintiff has not satisfied her burden of establishing that the requirements of Rule 23 have been met. As such, the Court finds that Plaintiff's motion for class certification should be denied.

### III. CONCLUSION

For the reasons set forth in detail above, the Court hereby DENIES "Plaintiff's Motion For Class Certification" [docket no. 85].

**IT IS SO ORDERED.**